IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JACINTA ELDER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RYAN SULLIVAN, ASHLEY BLAKE COLLINS, RAYCEN RAINES, GENEVA LONE HILL, and WAKPAMNI LAKE COMMUNITY CORPORATION,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 8:17-cv-01807-TDC |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS**

Pursuant to Federal Rule of Civil Procedure 4(m) and 6(b), Plaintiff Jacinta Elder ("Plaintiff") respectfully requests that the Court grant her an extension of time to complete the service of process on Defendants Ashley Blake Collins ("Collins"), Raycen Raines ("Raines"), Geneva Lone Hill ("Hill"), and the Wakpamni Lake Community Corporation ("WLCC"). Plaintiff has made multiple attempts to affect service on all four Defendants and is continuing to do so,[1] and good cause exists to extend the operative time for service for the reasons set forth in the following memorandum of points and authorities:

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.　　　Defendants Raines, Hill, and WLCC are located in Batesland, SD, in Oglala Lakota County, which is entirely within a Native American reservation. A Washington, D.C., process serving company working at the direction of Plaintiff's counsel first attempted to hire a

---

[1] An attorney representing Defendant Sullivan, for whom Plaintiff does not seek an extension, has informed a process server engaged by Plaintiff in writing that he will accept service on behalf of Defendant Sullivan. Plaintiff will file the appropriate waiver of service form when it is received.

local process agent located in Rapid City, South Dakota, but the local agent informed the local company that process servers have previously been not allowed to attempt service and been treated aggressively and threatened by members of the community.  Thus, the process serving company attempted to engage the local Sheriff's office to affect service but received no response.  Therefore, pursuant to Maryland Court Rule 2-121 (as allowed by Fed. R. Civ. P. 4(e)(1)), Plaintiff mailed copies of the summons and complaint to Defendants Raines, Hill, and WLCC via "certified mail, restricted delivery."  These documents were scheduled to be delivered by September 28, 2017, within the prescribed period for service, but Plaintiff brings the instant motion in case additional difficulties are encountered with respect to service of process on the Native American reservation.  Thus, good cause exists to extend the time for service of process on Defendants Raines, Hill, and WLCC.

       2.       A process server engaged by counsel for Plaintiff has made multiple attempts to affect service in person at Defendant Collins' home but has yet to have success.  Plaintiff has likewise mailed copies of the summons and complaint to Defendant Collins via "certified mail, restricted delivery," pursuant to Maryland Court Rule 2-121, as described above.  These documents were scheduled to be delivered by September 28, 2017, within the prescribed period for service, but Plaintiff brings the instant motion in an abundance of caution to allow for additional time to affect service on Defendant Collins, should it be necessary.  Good cause exists for the court to grant a short extension.

       3.       At least two district courts in this Circuit have ruled that the while the Court must provide the requested extension if it finds that "good cause" has been demonstrated, "Rule 4(m) must be understood as permitting district courts to extend the time to serve process *even absent a showing of good cause*." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 584 (E.D. Va.

2016) (emphasis added); *see also LHF Prods., Inc. v. Does*, No. 3:16cv274, 2016 WL 7422658, at \*6 (E.D. Va. Dec. 22, 2016) (citing *Robinson* to reach the same conclusion). The court held in that case that "even if good cause does not exist such that an extension of time is mandatory, there is at least sufficient cause here to warrant an exercise of discretion to extend plaintiff's time to serve process." *Id.*; *see also LHF Prods.*, 2016 WL 7422658, at \*6 ("Bearing this construction of Rule 4(m) in mind, the Court declines to determine whether LHF can demonstrate good cause for its failure to serve the first named defendant within the 90–day time proscribed by the Rule. Because this case remains in an early stage of litigation, in which no defendant has filed an answer or other responsive pleading, the Court sees no prejudice that could result from a brief extension of time in order to serve one defendant.").  Therefore, Plaintiff requests that even if the Court finds that Plaintiff has not demonstrated good cause, that Plaintiff's difficulty affecting service on the Native American reservation and diligent and continued attempts to serve the unserved Defendants warrant a brief extension of time.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting an extension of 30 days—or whichever amount of time the Court deems appropriate—for Plaintiff to affect service of process on Defendants Raines, Hill, WLCC, and Collins.

Dated: September 28, 2017                     Respectfully submitted,

**JACINTA ELDER**

By: __/s/  Hassan Zavareei__
Hassan Zavareei (No. 18489)
Jeffrey Kaliel (*pro hac vice* pending)
Andrew Silver (*pro hac vice* pending)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
P: (202) 973-0900
F: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com
asilver@tzlegal.com

*Counsel for Plaintiff*