# EXHIBIT B

Get Indian Law news delivered to your inbox   EMAIL ADDRESS    SIGN ME UP     NATIVE AMERICAN RIGHTS FUND

DONATE *today*

NATIONAL INDIAN
LAW LIBRARY

INDIAN LAW BULLETINS     TRIBAL LAW GATEWAY     RESEARCH GUIDES     RESEARCH HELP     ABOUT NILL    CATALOG

Back to Table of Contents

# OGLALA SIOUX TRIBE: LAW AND ORDER CODE

Last amended: 1996; New Ordinances Received: 2002.

## CHAPTER 2

CIVIL ACTIONS

SECTION 20 - JURISDICTION.

The Oglala Sioux Tribal Court shall have jurisdiction of all suits wherein the defendant is a member of the Oglala Sioux Tribe and of all other suits between members and non-members who consent to the jurisdiction of the tribe.

SECTION 20 (A) AND (B) - IMPLIED CONSENT TO TRIBAL JURISDICTION BY NONMEMBERS OF THE OGLALA SIOUX TRIBE.

(a) Any person who is not a member of the Oglala Sioux Tribe shall be deemed as having consented to the jurisdiction of the Oglala Sioux Tribe, by doing personally through an employee, through an agent or through a subsidiary, any of the following acts within the exterior boundaries of the Pine Ridge Indian Reservation.

    1. The transaction of any business.

    2. The commission or omission of any act which results in a tort action.

    3. The ownership use or possession of any property situated within the exterior boundaries of the Pine Ridge Indian Reservation.

    4. Engaging in any employer-employee relationship.

5. Leasing or permitting of any land or property.

6. Residing on the Pine Ridge Indian Reservation.

7. Commission of any act giving rise to claims for spousal support, separate maintenance, child support, child custody, divorce or modification of any decree of divorce or separate maintenance proceeding.

8. Any contractual agreement entered into within the exterior boundaries of the Pine Ridge Indian Reservation.

(b) Service of process upon any person subject to implied consent may be made by service within or without the Pine Ridge Indian Reservation in the same manner provided for services within the Pine Ridge Indian Reservation.

Hist: 1937 Code, Ch. 2, Sec. 1. Ordinance 93-12 / 7-15-93. Amended by Ordinance 93-12/7-15-93.

## SECTION 20.1 - EXHAUSTION OF ADMINISTRATIVE REMEDIES.

(a) Effect of Exhaustion of Remedies. The Oglala Sioux Tribal Court shall entertain no action or suit against the Oglala Sioux Tribe, a Tribal government agency, or any Tribal official, or employee complaining of official conduct thereof, unless the plaintiff in such action has first exhausted Tribal administrative remedies to correct the conduct complained of by complying with the procedure set out in subsection (b) or (c) below as appropriate. Any complaint in the Tribal Court against the Oglala Sioux Tribe, a Tribal government agency, or any Tribal official, or employee complaining of the official conduct thereof which fails to demonstrate on its face that the plaintiff has complied with the requirements of this Section shall be dismissed by the Court without prejudice to the plaintiff's right to file the suit again when and if those requirements have been complied with.

(b) General Exhaustion Requirement. Except as provided in subsection (c) below for certain police complaints, a complaining party may exhaust Tribal administrative remedies under this ordinance by filing a written complaint with the Tribal Executive Committee, provided that if the Executive Committee has acted adversely on such complaint or has failed to act on it within thirty (30) days after it was filed, the Oglala Sioux Tribal Court may entertain an action seeking judicial remedy for the conduct complained of.

(c) Special Exhaustion Requirement for Certain Police Complaints. Any party having a complaint against the Oglala Sioux Public Safety Commission or any Reservation District Police Commission, or member, official, or employee of said entities, arising from the official conduct thereof may exhaust Tribal administrative remedies under this ordinance by filing a written complaint in accordance with such written complaint procedures as may from time to time be established by the Oglala Sioux Public Safety Commission, provided that if the entities designated for reviewing said complaint in such procedures, have acted adversely on such complaint, or have

Case 8:17-cv-01807-TDC Document 31-2 Filed 05/01/18 Page 4 of 31

failed to act or complete action on it within thirty (30) days after it was filed, the Oglala Sioux Tribal Court may entertain an action seeking a judicial remedy for the conduct complained of.

Until such time as the Oglala Sioux Public Safety Commission adopts written complaint procedures, written complaints under this subsection may be filed directly with said Commission, subject to the same thirty (30) day action rules as set out in preceding paragraph.

Hist: Ord. #76-03, Amended by Ord. #77-11.

## CIVIL PROCEDURES

## SECTION 20.2 - COMPLAINT

A complaint is a concise written statement of the essential facts constituting the claim. All civil proceedings shall be commenced by filing a complaint with the clerk, accompanied by appropriate filing fee. The complaint shall be verified before a judge, clerk or assistant clerk, or a notary public.

## SECTION 20.3 - SERVICE OF PROCESS

(a) Each defendant shall be served with a copy of the complaint and a summon.

(b) Service shall be made in one of the following ways:

    1. to the defendant personally;

    2. to a person of not under the age of 15 and discretion at the defendant's residence or usual place of business who also resides or works there;

    3. to an agent authorized by appointment or by law to receive service of process;

    4. if personal service is impractical, then by registered or certified mail, return receipt requested to the defendant's usual residence or principal place of business. If the court orders, service may be made by publication of the required papers in the Lakota Times or any other local newspaper of general circulation on the Reservation designated by the court at least once per week for four weeks.

(c) Service of process upon the Tribe or an Officer of the Tribe shall be made by delivering a copy of the complaint to the Tribal Secretary, the Tribal attorney and the officer named in the manner prescribed in subsection (b) above, except that service by publication is not permitted.

(d) Service in person shall be made by any law enforcement officer or by any tribal member over the age of 18 years who is not a party to the case.

Case 8:17-cv-01807-TDC   Document 31-2   Filed 05/01/18   Page 5 of 31

(e) Where the court has jurisdiction of the cause of action, service may be made anywhere with the United States pursuant to the law of that jurisdiction.

(f) The return postal receipt and affidavit of publication shall institute proof of service by mail or publication. The affidavit of service by the person making service, filed in the case record, shall constitute proof of service.

## SECTION 20.4 - PLEADINGS AND TIME LIMITATIONS

Unless otherwise provided, a defendant shall file his Answer within 30 days after service of process. The clerk shall schedule a hearing on the claim as soon as possible after the Answer is filed. The clerk shall furnish the parties with a copy of the notice showing the time and place of the hearing and shall affix such notice to the copy of the Answer to be served on the Plaintiff. If the case is ready for trial, the Judge may try it immediately or set a subsequent date for trial. If the case is not ready for trial, the Judge shall set a subsequent date for trial and order such preparation by the parties as he deems necessary. Motions in any pending case may be heard separately or may be consolidated at the discretion of the Court.

## SECTION 20.5 - ISSUANCE OF SUBPOENAS

(a) Upon request of any party or upon the court's own initiative, the Court shall issue subpoenas to compel the testimony of witnesses, or the production of books, records, documents or any other physical evidence relevant to the determination of the case and not an undue burden on the person possessing the evidence.

(b) A subpoena, shall bear the signature of the Chief Judge or an Associate Judge of the court and it shall state the name of the Court, the name of the person or description of the physical evidence to be subpoenaed, the title of the proceeding, and the time and place where the witness is to appear or the evidence is to be produced.

## SECTION 20.6 - SERVICE OF SUBPOENAS

A subpoena may be served in the manner prescribed in Section 20.3 except that service by publication is not permitted.

## SECTION 20.7 - FAILURE TO OBEY SUBPOENA

In the absence of a justification satisfactory to the Court, a person who fans to obey a subpoena issued and served in accordance with the provisions of this Code may be cited and held in contempt of court.

## SECTION 20.8 - WITNESS FEE AND EXPENSES

Each witness answering a subpoena shall be entitled to reimbursement of his expenses by the party who requests his presence to reasonable witness fees except that the custodian of public books, records, documents or other physical evidence subpoenaed shall not be entitled to witness fees.

SECTION 20.9 - TRIAL PROCEDURE

(a) The time and place of court sessions, the rules of evidence to be followed by the Court and all other details of judicial procedure may be set out in Rules of Court or Federal Rules of Civil Procedures in the absence of Tribal rules.

(b) All testimony of witnesses shall be given orally under oath in open court and subject to the right of cross examination. Documentary and tangible evidence shall also be received in open court.

(c) Civil cases shall be tried before a Judge and not a jury. A jury trial may be granted at the discretion of the judge.

(d) The case of the Plaintiff shall be presented first, followed by the case of the Defendant. If rebuttal is required, the Plaintiff shall proceed first, followed by the defendant.

(e) At the conclusion of the evidence, the plaintiff and the defendant each in turn may summarize the proof and make final argument.

20.10 - CONSOLIDATED AND SEPARATE TRIALS.

(a) Consolidation. The Court may, upon motion of any party or on its own motion, order some or all of the issues of separate actions tried together when there is a common issue or fact or law relating to the actions or if such will tend to avoid unnecessary cost or delay.

SECTION 20.11 - INTERVENTION

A person may be permitted in the discretion of the Court to intervene as a party to an action in cases where property in which he claims as interest may be substantially affected by disposition of the action or where the applicant for intervention asserts a claim or defense which presents a question of law or fact common to the main action.

SECTION 20.12 - SUBSTITUTION OF PARTIES

If a party dies, becomes incompetent or transfers his interest, a substitute or successor party may be joined or substituted as justice requires.

SECTION 20.13 - JUDGMENTS

A judgment shall be entered in each civil case. The judgment shall be for money or other relief or for dismissal. A judgment is complete and shall be deemed entered when it is signed by the Judge and filed with the clerk.

SECTION 20.14 - JUDGMENT OF DEFAULT

Where any party, after being served with a copy of the complaint as provided in Section 20.3 in the case of a defendant fails to appear at the hearing, at trial, or otherwise to prosecute or

Case 8:17-cv-01807-TDC Document 31-2 Filed 05/01/18 Page 7 of 31

defend a case, the court may enter a default judgment granting the relief sought in the complaint, upon such showing of proof by the plaintiff as the Court deems appropriate, or may dismiss the case for failure to prosecute. The court may, for good cause shown, set aside entry of a default judgment or dismissal for failure to prosecute.

## SECTION 20.15 - PROOF OF SATISFACTION

A judgment may be satisfied in whole or in part as to any or all of the judgment debtors by the owner thereof of his attorney of record executing under oath and filing an acknowledgement of satisfaction specifying the amount paid and whether it is full or partial satisfaction. The clerk shall file all satisfactions of judgment and note the amount thereof in the judgment docket.

## SECTION 20.16 - EXECUTION

(a) In any final judgment for money rendered by the Court is not satisfied within sixty (60) days of entry, or such other time fixed by the Court, the judgment creditor may apply to the court for an order directing the judgment debtor to appear before the court for the purpose of itemizing his property.

(b) After giving the judgment debtor an opportunity for hearing, the Court shall determine what property is available for execution, and shall order tribal law enforcement officers to seize such property as may be necessary to satisfy the judgment. In addition, the judgment may be paid out of any funds on deposit to the credit of the judgment debtor at The Agency not exempt under Section 20.22 when such payment is authorized by the Secretary of Interior of his authorized representative, on such terms and conditions as the Secretary may prescribe.

## SECTION 20.17 - JUDGMENT CONSTITUTES A LIEN

A judgment shall constitute a lien on any nonexempt property of the judgment debtor. Notice of this lien may be placed by the judgment creditor in the public records of any country or state where such property is located.

## SECTION 20.18 - LIFE OF JUDGMENT

No judgment of the court for money shall be enforceable after five years from the date of entry, unless application to renew the judgment shall have been filed before the date of expiration pursuant to Section 20.19.

## SECTION 20.19 - RENEWAL OF JUDGMENT

Upon application of the judgment creditor prior to the expiration of five years after the date of the entry of the judgment for money, the court shall order the judgment renewed and extended for an additional five years.

## SECTION 20.20 - STAY OF EXECUTION

Except as provided herein, no execution or enforcement shall issue in any judgment in a civil case until the expiration of ten days after its entry. When a notice of appeal has been filed with

Case 8:17-cv-01807-TPG   Document 31-2   Filed 05/01/18   Page 8 of 31

the Supreme Court following the judgment the Supreme Court may stay the judgment, or may stay or grant an injunction during the pendency of the appeal on such terms as to bond or otherwise as it considers for the security of the rights of the adverse party, as more particularly provided in Section 6.0.

## SECTION 20.21 - COSTS AND ATTORNEY FEES

In civil actions, costs shall be awarded the prevailing party as part of the final judgment unless the Court otherwise orders. No costs shall be awarded against the Tribe, or against any officer of the tribe or member of the tribal council sued in his official capacity. Costs shall include filing fees, reasonable and necessary expenses of involuntary witnesses, and such other proper and reasonable expenses, exclusive of attorneys' fees to the prevailing party in a civil suit unless the Court determines that the case has been prosecuted or defended solely for harassment and without any reasonable expectation of success.

## SECTION 20.22 - PROPERTY EXEMPT FROM JUDGMENTS FOR MONEY

There shall be exempt from the satisfaction or payment of all judgments for money, except judgments for the support of a spouse or children, the following property of the judgment debtor or the debtor's spouse

(a) Provisions and fuel necessary to supply the debtor and his immediate family for one year, or their monetary equivalent (including funds in an IIM account up to this amount).

(b) All wearing apparel, clothing and personal effect.

(c) All household furnishings.

(d) One dwelling place whether it be house, cabin, trailer or other structure.

(e) Except for a farmer or rancher, one horse, saddle and bridle, one wagon, two cows and their calves, four hogs and fifty domestic fowls and feed for such animals for three months.

(f) One truck or other motor vehicle of reasonable value.

(g) To a farmer or rancher -- livestock, farm equipment, machinery and seed, grain or vegetables of reasonable value.

(h) To a mechanic or artisan -- tools or implements necessary to carry on his trade.

(i) All moneys, benefits, privileges or immunities in any manner growing out of any life insurance on the life of the debtor.

(j) All retirement allowances, benefits and pensions.

(k) All family pictures.

(l) Real property in trust by the United States.

Provided, however, that such exempt property may be subject to satisfaction and payment of judgments where the judgment debtor has executed a valid and lawful mortgage or security agreement with the judgment creditor, specifically pledging such property as collateral.

SECTION 20.23 - TEMPORARY RESTRAINING ORDERS WITHOUT NOTICE

(a) No restraining order or other injunction without notice shall be granted where the Tribe is a defendant or a tribal official is a defendant in his official capacity. Other wise, except as provided in subsection (c), no temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by oral testimony, affidavit or by the verified complaint that immediate and irreparable injury will result to the applicant before notice can be served and a hearing had thereon.

(b) Except as provided in subsection (c), in cases where a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matter except older matters of the same character. When the motion comes on for hearing, the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On three (3) days notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the Court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the Court shall proceed to hear and determine such motion as expeditiously as possible.

(c) A temporary restraining order may be granted without prior notice to any party where the Judge determines that a serious breach of the peace will otherwise occur.

(d) Every temporary restraining order granted without notice shall be enforced with the date and hour of issuance and shall expire by its terms within such time after entry, not to exceed ten (10) days, as provided in that order.

SECTION 20.24 - PRELIMINARY INJUNCTIONS

A preliminary injunction restrains activities of a defendant until the case can be determined on the merits. No preliminary injunction shall be issued without notice to the adverse party and an opportunity to be heard, and no preliminary injunction shall be issued absent clear and convincing proof by specific evidence that the applicant will suffer irreparable harm during the pending the litigation unless a preliminary injunction is issued, that the applicant has a high likelihood of success on the merits, and that the balance of equities favors the applicant over the party sought to be enjoined. The Court may dissolve or modify a preliminary injunction at any time as the interest of justice require.

SECTION 20.25 - SECURITY

Case 8:17-cv-01807-TDC   Document 31-2   Filed 05/01/18   Page 10 of 31

Except as otherwise provided by law, no temporary restraining order or preliminary injunction shall issue upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States, the Tribe, or an officer, or agency, of either.

## SECTION 20.26 - HABEAS CORPUS

Relief by habeas corpus proceedings shall be granted whenever it appears to the court that any person is unjustly imprisoned or otherwise unlawfully deprived of his liberty. Upon the filing of the complaint the Court shall issue a writ directed to the defendant commanding him to bring the person alleged to be restrained before the Court at a time and place therein specified, at which time the Court shall proceed to hear the matter and render judgment accordingly.

## SECTION 20.27 - APPLICABLE LAW

In determining any case over which it has jurisdiction, the Oglala Sioux Tribal Court shall give binding effect to:

(a) any applicable constitutional provision, treaty, law, or any valid regulation of the United States;

(b) any applicable provision of the Tribal Constitution or any law of the Tribe not in conflict with federal law;

(c) any applicable custom or usage of the Oglala Sioux Tribe not in conflict with any of the Tribe or United States. Where doubt arises as to such customs and usages, the Court may request the testimony, as witnesses of the Court, of personal familiar with such customs and usages;

(d) where appropriate, the court may in its discretion be guided by the statutes, common law or rules of decisions of the action took place;

(e) special codes and enactments of the Oglala Sioux Tribe which provide alternative remedies and procedures shall not be superseded or affected by this chapter.

## SECTION 20.28 - CIVIL CONTEMPT

A civil contempt is prosecuted to preserve, protect, enforce or restore the duly adjudicated rights of the party to a civil action against one under legal obligation to do or refrain from doing something as a result of a judicial decree or order. Relief in a civil contempt proceeding may be coercive or compensatory in nature as to the complaining party and may include a fine payable to the Court or the complaining party or imprisonment of the party in contempt to secure compliance, or both.

## SECTION 20.29 - LIMITATIONS OF ACTIONS

The Oglala Sioux Tribe shall have no jurisdiction over any action brought more than two years after the cause of action arose.

SECTION 21. LAW APPLICABLE TO CIVIL ACTIONS.

In all civil cases the Oglala Sioux Tribal Court shall apply any laws of the United States that may be applicable, any authorized regulations of the Interior Department, and any ordinances of the Tribe, not prohibited by Federal law.

Hist: 1937 Code, Ch. 2, Sec. 2.

SECTION 21.1 EVICTION LAW - FORCIBLE ENTRY AND DETAINER.

(1) Grounds for Bringing an Action. An action of detainer or forcible entry and detainer amounting to eviction and recovery of damages can be brought when:

(a) A tenant or lessee who himself or through a subtenant fails to pay his rent for three (3) days from the date due, the expiration of his lease period;

(b) A party by force, intimidation, or fraud entered, detained or occupied the land of another;

(c) A party after entering peaceably upon land turned out the party in possession using force, threats, or menacing conduct;

(d) A party has illegally held possession of land, whether acquired peaceably or otherwise, using force, threats or menacing conduct;

(e) A party continues to occupy and possess land after its sale (under mortgage, execution, order, or judicial process after the expiration of the time fixed for redemption and after execution and the delivery of a deed);

(f) A party continues to possess land after a judgment in partition or after a sale under a Tribal Court Order or Decree;

(g) A tenant or lessee wastes and damages leased land or fails to perform any act which under the lease terminates that lease.

(2) Application of Ordinance. For the purpose of this Section, land shall include all real property including housing and business premises.

(a) Notice to Quit. In all arising under subdivisions (a) (e) and (f) , of Section 1, a formal written notice to quit shall be served upon the lessee, subtenants or party in possession or posted on the entrance of the premises at least three (3) days before commencing an action in Court.

(b) Jurisdiction of Court. The Oglala Sioux Tribal Court shall have jurisdiction of any such cases within the exterior boundaries of the pine Ridge Indian Reservation.

(c) Joinder of Actions. An action brought under this Chapter cannot be

brought in connection with any other, except for rents, profits, and damages, but separate plaintiff actions may be brought.

(d) Death of Plaintiff. The legal representative of a potential plaintiff may bring an action under this Chapter after his death.

(e) Verified Complaint. The complaint must be in writing and verified by the plaintiff, his agent, or his attorney and served with a summons upon the defendant as in other actions in the Tribal Court. If after making a diligent effort personal service cannot be had, service can be made by posting a copy of the summons and the complaint in some conspicuous place upon the premises.

(f) Time for Defendant's Response and Trial. The time allowed for an answer to the complaint or other responsive pleading shall be twenty-one (21) days from date of service on defendant or posting and no adjournment or continuance shall be made for more than five (5) days.

(g) Trial Notice. Trial for this matter shall be held with a five (5) day notice.

(h) Judgment. When a judgment is rendered for the plaintiff it may include delivery of the possession to the plaintiff, and for rents, profits or damages where same was claimed in the complaint and summons, and a hearing where all parties are notified and given an opportunity to be heard.

(i) The Court shall tax court costs to the prevailing party.

(j) Execution. Execution for possession shall be served only from 8:00 a. m. to 8:00 p.m. on any day.

(k) Contempt of Court. The defendant's failure to comply with the Court's order for eviction may subject him to be found in Contempt of Court and imprisonment up to six (6) months and a maximum fine of three hundred and sixty dollars ($360.00).

(3) Repeal. All prior ordinances or resolution of parts thereof which are inconsistent with this ordinance are hereby repealed.

Hist: Ord. #79-01

SECTION 22. JUDGMENT IN CIVIL ACTIONS.

In all civil cases, judgments may consist of an order of the Court awarding money damages to be paid to the injured party, or directing the surrender of certain property to the injured party, or the performance of some other act for the benefit of the injured party.

Hist: 1937 Code, Ch . 2, Sec. 3 .

SECTION 22.1 DAMAGES.

Where the injury inflicted was the result of carelessness of the defendant, the judgment shall fairly compensate the injured party for the loss he has suffered.

Hist: 1937 Code, Ch. 2, Sec. 3.

SECTION 22.2 PUNITIVE DAMAGES.

Where the injury was deliberately inflicted, the judgment shall impose an additional penalty upon the defendant, which additional penalty may run either in favor of the injured party or in favor of the Tribe.

SECTION 22.3 MITIGATED DAMAGES.

Where the injury was inflicted as the result of an accident, or where both the complainant and the defendant were at fault, the judgment shall compensate the injured party for a reasonable part of the loss he has suffered.

Hist: 1937 Code, Ch. 2, Sec. 3.

SECTION 22.4 VALIDITY OF COURT ORDERS AND JUDGMENTS.

No civil order or judgment of the Oglala Sioux Tribal Court shall be valid and effective or enforceable in any manner against any person unless the order or judgment shall have been issued in a civil case arising out of the institution of a civil suit in accordance with this Code and the Rules of Court and unless the defendant has been given an opportunity to appear at a hearing. In special emergencies, a temporary restraining order may be issued for a period not exceeding seventy-two (72) hours without a hearing having been held, provided, that such order contains the following certification by the Judge:

"After an examination of the facts alleged by the plaintiff, the Court has concluded that unless restrained by this Court, defendant will, within the next seventy-two (72) hours perform the acts referred to in the complaint, that such action by defendant will result in irreparable injury, loss, and damage to the plaintiff, and that the issuance of a temporary restraining order herein will not cause undue inconvenience or loss to plaintiff but will prevent irreparable injury to the defendant. "

Any order issued, except as provided herein, shall not be deemed a lawful order under Sec. 72 of this Code or for any other purpose. The Oglala Sioux Tribal Court of Appeals, shall upon written application by any person aggrieved by any such order or judgment, after a hearing upon notice to the Judge who issued the order, and after making a finding that the order was not issued in a civil case arising out of the institution of a civil suit in accordance with the Code and the Rules of Court or that the defendant was not given an opportunity to appear at a hearing, issue an order setting aside the aforesaid order or judgment and restraining the Oglala Sioux Tribal Court, or any Judge or other officer thereof, from enforcing the aforesaid order of judgment in any manner. The Court of Appeals shall limit the hearing hereunder and its consideration of the matter to the sole question of whether the order is valid under the provisions of this Section 22.4.

## SECTION 23. COSTS IN CIVIL ACTIONS.

The Court may assess the accruing costs of the case against the party or parties against whom judgment is given.

Hist: 1937 Code, Ch. 2, Sec. 4.

## SECTION 24. PAYMENT OF JUDGMENTS FROM INDIVIDUAL INDIAN MONIES.

Whenever the Oglala Sioux Tribal Court shall have ordered payment of money damages to an injured party and the losing party refuses to make such payment within the time set for payment by the Court, and when the losing party has sufficient funds to his credit at the Agency Office to pay all or part of such judgment, the Superintendent may certify to the Commissioner of Indian Affairs the record of the case and the amount of the available funds. If the Commissioner of Indian Affairs may so direct, the disbursing agent shall pay over to the injured party the amount of the judgment, or such lesser amount as may be specified by the Commissioner of Indian Affairs from the account of the delinquent party.

A judgment shall be considered a lawful debt in all proceedings to distribute decedents estate.

Hist: 1937 Code, Ch. 2, Sec. 5.

## SECTION 24.1 FORECLOSURE BY TRIBAL CREDIT PROGRAM ON MORTGAGED LAND

(a) Property Subject to Foreclosure -- Jurisdiction and Venue.

An action to foreclose on any land either trust or deeded which has been mortgaged to the Oglala Sioux Tribal Revolving Credit Program may be maintained by the Oglala Sioux Tribal Revolving Credit Program. The action may be maintained in the Oglala Sioux Tribal Court.

(b) Accrual of cause of action for mortgage foreclosure.

A cause of action for the foreclosure of a mortgage shall be deemed to have occurred at the last date of the maturity of the debt or other obligation secured thereby, as stated in, or as ascertainable from the record of such mortgage, and if no date for any maturity be stated therein or be ascertainable therefrom then after fifteen years from the date of said mortgage.

(c) Service by publication on nonresident, absent or unknown defendants.

If the defendant be a nonresident of the Pine Ridge Reservation or the State of South Dakota, or absent or concealed or if he be a resident of either and after due diligence cannot be found, service may be made by publication. If the mortgagor or any other proper party defendant is deceased, service upon unknown heirs, devisees, legatees, administrators, executors, creditors, and other unknown persons, may be made by publication.

Case 8:17-cv-01807-TDC   Document 31-2   Filed 05/01/18   Page 15 of 31

(d) Previous actions for collection of debt to be disclosed by complaint.

In an action for the foreclosure or satisfaction of a mortgage, the complaint shall state whether any proceedings have been had at law or otherwise for the recovery of the debt secured by such mortgaged property or any part thereof; and if there has, whether any and what part thereof has been collected.

(e) Injunction to restrain injury to property during foreclosure.

The Oglala Sioux Tribal Court may by injunction, on good cause shown, restrain the party in possession from doing any act to the injury of real property during foreclosure on a mortgage.

(f) Dismissal of complaint on payment into court of installments then due.

Whenever an action shall be commenced for the foreclosure of a mortgage upon which there shall be due any interest or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the complaint shall be dismissed upon the defendant bringing into court at any time before entry of judgment the principal and interest due, with costs and disbursements.

(g) Stay of further proceedings on payment of installments then due -enforcement of judgment on subsequent default.

If at any time before entry of judgment, the defendant shall bring into court the principal and interest due, with costs, the proceedings in the foreclosure action shall be stayed until a further default, and in case of a subsequent default in the judgment of any of the installments, or any part thereof, of such mortgage, the Oglala Sioux Tribal Court may enforce by order or other process the collection of such subsequent installment.

(h) Foreclosure as complete satisfaction of debt.

The foreclosure by action of mortgage upon real property shall operate as a complete extinguishment, satisfaction and payment of the debt secured by such mortgage.

Hist: Ordinance 84-12.

PROCEDURES FOR SELF-HELP REMEDIES ON FORECLOSURES OF SECURED OBLIGATIONS.

SECTION 1. Self-Help Remedies.

All self-help remedies for the recovery of real or personal property secured to insure payment of obligations are hereby declared unavailable. This section, however, shall not be construed to prevent the voluntary surrender of secured personal property to a creditor by a debtor pursuant to an agreement executed by the parties allowing for the surrender of such property, provided however, that:

Case 8:17-cv-04807-TDC Document 31-2 Filed 05/01/18 Page 16 of 31

(a) at least five (5) days notice must be given by the creditor to the debtor before the property is physically taken; and

(b) a copy of the notice (with agreement attached) is filed with the Clerk of the Oglala Sioux Tribal Court.

HISTORY: Ordinance 86-10.

## SECTION 24 . 2 APPEALS.

Appeals from judgments in civil actions may be taken as provided in Section 6 to 6. 3, inclusive, of the Code.

## SECTION 24.3 COLLECTION CODE

SECTION 1. Definitions as used in this Ordinance, unless the context clearly indicates otherwise:

(1) Affidavit - means a written statement of facts sworn to by the person signing it ( the "affiant" ) and verified by a notary public.

(2) Answer - means a written document that a debtor may file in the tribal court when a creditor has filed a petition against the debtor; the answer contains the debtor's version of the dispute. This may also be referred to as a response.

(3) Attachment - provides a legal procedure before the tribal court whereby the tribal police are authorized and required to seize certain personal property belonging to a debtor in order to ensure that a creditor will be able to collect on a judgment when it is finally entered by the tribal court.

(4) Civil Action - pertains to a lawsuit filed in tribal court whereby one person seeks to resolve a non-criminal dispute against another by obtaining a judgment from the tribal court; for example, a lawsuit to recover on a debt that is due.

(5) Complaint - refers to the first written document that starts the lawsuit and contains the complaining party's version of the facts of the cavil dispute; the complaint usually lists what amount of money or thing of values the complaining party wants from the other party. The term COMPLAINT shall also refer to the document used by the creditor to pursue collection remedies.

(6) Consumer - refers to the borrower, the buyer or purchaser of goods or other items involved in connection with a consumer transaction.

(7) Consumer goods - refers to those items bought, borrowed, or purchased by a consumer in connection with a consumer transaction.

Case 8:17-cv-01807-TPG Document 31-2 Filed 05/01/18 Page 17 of 31

(8) Consumer Transaction – refers to a sale, loan, lease, assignment or other disposition of an item of goods, a service or anything of value to a person for purposes that are primarily personal, family or household.

(9) Creditor - refers to a person who is owed a debt, money or anything of value by another person called the "debtor".

(10) Cross Complaint - refers to a counterclaim whereby the defending party who has been sued, brings a legal claim against the other to :recover money or things of value.

(11) Debtor - means a person who owes the debt, money or anything of value to another person called the "creditor".

(12) Disposable Earnings - means that portion of a debtor's earnings remaining after the deduction of all amounts required by law to be withheld.

(13) Execution - refers to a legal procedure that takes place after the tribal court has entered a judgment, whereby the tribal police are authorized and required to enforce the court's judgment by seizing certain personal property of the judgment debtor, such as personal furniture, automobile, etc.

(14) Final Judgment - refers to a tribal court judgment, including any supporting opinion of the court, that determines the rights of the parties involved in a civil dispute.

(15) Comity - refers to acceptance and recognition by the Oglala Sioux Tribal Court of final judgments entered by the courts of the other fifty states, the federal courts and of other federally recognized Indian tribes.

(16) Garnishment - refers to a legal process through which the earnings or other personal property of a debtor are required to be withheld by a third party for payment of a debt which has been reduced to tribal court judgment.

(17) Hearing - an opportunity for the parties in dispute to present all relevant oral testimony and documentary evidence in their favor in order to allow the tribal judge to evaluate the merits of the dispute and render a decision. All hearings require that the party being personally served be given five days notice before the hearing. In the event personal service is obtained by posting and mailing the notice, five days will start running the date the notice was posted.

(18) Homestead - refers to property utilized as a home for an individual and/or his or her spouse and dependents.

Case 8:17-cv-04807-TDC Document 31-2 Filed 05/01/18 Page 18 of 31

(19) Household Goods - refers to clothing, furniture, appliances, linens, kitchenware, and personal effects of any consumer and his or her dependents.

(20) Indian refer to:

     a. any enrolled member of the Oglala Sioux Tribe;

     b. any person who is an enrolled member of any other federally recognized Indian tribe; or

     c. any person who possesses Indian blood and who is recognized as an Indian by the community where such person resides; or

     d. any individual who is eligible for enrollment in the Oglala Sioux Tribe.

(21) Judgment Creditor - refers to a creditor who has obtained a court judgment against a debtor.

(22) Judgment Debtor - refers to a debtor against whom a court judgment has been obtained by a creditor.

(23) Jurisdiction means:

     a. the power of a tribal court, such as the Oglala Sioux Tribal Court, to hear and decide a legal dispute;

     b. the power of a governing body, such as the Oglala Sioux Tribal Council, to enact laws, ordinances and resolutions.

(24) Motor Vehicle - any vehicle with two or more wheels that operates with a combustible engine.

(25) Personal Property - refers to any property or anything of value other than:

     a. land;

     b. any interest in land; or

     c. any dwelling, structures, equipment, or other fixtures which may be affixed to the land.

     Personal property includes, but is not limited to, a motor vehicle, furniture, appliances like washer and dryer, TV, stereo, radio, etc.

Case 8:17-cv-01807-TDC Document 31-2 Filed 05/01/18 Page 19 of 31

(26) Personal Service - refers to the delivery of legal papers which may be served in either of the two following ways:

> 1. personal service on the named party; or

> 2. posting civil process in a conspicuous place on the door of the named party's last known address.

All personal service must be documented and a copy delivered to the Tribal Court clerk promptly.

(27) Repossession - refers to the physical recovery by a creditor of personal property that has been sold to a debtor or purchaser on an installment credit basis.

(28) Security - refers to:

> a. any personal property that a debtor has some legal interest in which the debtor pledges as collateral to a creditor to secure the payment of a debt; or

> b. any personal property sold on an installment credit basis if the seller or creditor has expressly retained a secured interest in the property sold.

(29) Secured Contract - refers to any contract or agreement in which security has been pledged by the debtor or by which a secured interest is retained by the creditor to assure performance of the contract or agreement.

(30) Secured Debt - refers to any debt in which the debtor has pledged security as collateral to the creditor to ensure payment of the debt.

(31) Security Interest - refers to the legal interest and any security which has been pledged by the debtor or retained by the creditor or seller to assure the performance of a contract or the payment of a debt.

(32) Summons - refers to written documents which specifically notifies a debtor that he or she must appear in tribal court to respond to a petition filed by a creditor.

(33) Temporary Restraining Order - refers to an order of the tribal court directing a person, or agency or other entity to take or refrain from taking certain actions during a specified and limited period of time.

(34) Trust Property - refers to any real personal property which is:

> a. held by the United States in trust for the benefit of any Indian which is subject to restrictions of alienation or

encumbrance without the consent of the United;

b. acquired by an Indian through a loan from the Oglala Sioux Tribe, when the funds for such loan are provided by the United States; or

c. acquired with the use of property described in subparagraph (a) and (b) or with the proceeds from the sale or lease from such property.

All property that does not qualify as trust property under subparagraphs a, b, or c is described in this code as NON-TRUST PROPERTY.

(35) Writ - refers to an order of the tribal court directing the seizure and/or impoundment of certain personal property pursuant to attachment, execution, or garnishment proceedings.

SECTION II. PURPOSE.

The purpose of this collection code is to provide sufficient legal recourse to enforce and recover on judgments obtained through the tribal court system and to provide a standardized series of procedures that must be adhered to by all judges of the tribal court to ensure consistent and uniform due process.

A. Procedure.

At any time within three years of the date a judgment has been entered, the judgment creditor may file a complaint with the tribal court requesting the personal appearance of the judgment debtor to appear at a set date, time and place in the tribal court to answer specific questions regarding the judgment debtor's personal assets. At the beginning of the hearing, the tribal judge shall swear the judgment debtor under oath and the tribal judge and judgment creditor may ask questions directly related to the judgment debtor's personal assets and finances. The questions and answers may be transcribed by a court reporter or recorded by tape recording. At the time the judgment creditor files the complaint for Examination of Judgment Debtor, the judgment creditor may subpoena certain documentation to be provided at the time of the hearing. Said documentation may include, but not be limited to, the following:

1. bank records and bank accounts;
2. payroll stubs;
3. information regarding IIM account;
4. tax returns;
5. securities investments; or
6. motor vehicle registration and car plate information.

B. Notice Requirements.

A complaint for examination of judgment debtor must be personally served on the debtor at least five (5) days before the hearing.

C. Contempt Proceedings.

A court may issue an order of contempt against the judgment debtor in the following instances:

> 1. in the event the judgment debtor fails to personally appear in court after being personally served with proof of service on record;

> 2. when the debtor fails to disclose certain assets when questioned by the tribal judge or judgment creditor.

SECTION III. Garnishment Remedies .

A. Procedure:

Up to three years after an Oglala Sioux Tribal Court judgment has been entered against a judgment debtor, a judgment creditor may proceed to enforce his judgment by garnishment in Oglala Sioux Tribal Court. A writ of garnishment may extend to a judgment debtor's payroll wages as well as a bank account or IIM account. Garnishment of IIM accounts is subject to the B A rules and regulations that have been promulgated under 25 CFR 115.10 as they may from time to time be amended. Application of an Order of Garnishment must be made through the Oglala Sioux Tribal Court. A judgment creditor must first file with the Oglala Sioux Tribal Court a complaint for Writ of Garnishment, which requests the Oglala Sioux Tribal Court to issue an Order of Garnishment pursuant to a judgment previously obtained. The Order of Garnishment may allow for an additional fee for attorney's fees.

B. Notice.

The complaint for Writ of Garnishment must be personally served upon the judgment debtor five days before the date set to hear the complaint for Writ of Garnishment.

C. Earnings Subject To Garnishment.

The maximum portion of earnings of a judgment debtor that are subject to garnishment include the lesser of:

> a. twenty percent (20%) of his disposable earnings (that portion of the debtor's earnings remaining after the deduction of all amounts required by law to be withheld) for that pay period, or

Case 8:17-cv-01807-TDC   Document 31-3   Filed 05/04/18   Page 22 of 31

b. the amount by which his disposable earnings for that pay period exceed thirty (30) times the federal minimum hourly wage.

Notwithstanding the foregoing, the judgment debtor may defeat a garnishment by establishing by a preponderance of the evidence at a contested hearing that garnishment of any wages will impose a substantial hardship that will affect the health and welfare of the judgment debtor and his family or his dependents. If a. garnishment is defeated by a judgment debtor, then the financial status of the judgment debtor will be reviewed every thirty (30) days on request of the judgment creditor, to determine whether judgment debtor is able to pay the garnishment amount sought.

D. Hearings.

1. The hearing on the complaint for Writ of Garnishment must be transcribed by the court or a recording of the hearing must be recorded by audio or visual means. If judgment debtor has received the five day notice of the hearing and fails to appear either in person or through counsel, the judgment debtor will be deemed to have waived his right to a hearing and a default order can be issued. At the hearing the judgment debtor may put on evidence through testimony and other documentation that a substantial hardship will be imposed on the judgment debtor and his dependents if any of his wages should be garnished. The judgment debtor may also put on evidence that a lesser amount than set forth under Section II. Garnishment Remedies, subsection C . Earnings Subject to Garnishment should be garnished. At the conclusion of the hearing the tribal court shall have the discretion to determine whether or not a substantial hardship has been demonstrated by the debtor or whether a smaller portion of the debtor's wages should be subject to garnishment.

2. The judgment debtor may also establish by a preponderance of the evidence that the garnishment was wrongful either by showing there was no personal service or no valid, judgment in effect or that the judgment debtor has already satisfied the debt for which garnishment was issued or for any other legal reason. If the judgment debtor establishes that this was a wrongful garnishment, the judgment creditor shall be fined $500.00, and all attorney's fees and court costs incurred by the judgment debtor shall be ordered to be paid by the judgment creditor.

E. Dismissal By Employer.

Case 8:17-cv-01807-TRC Document 31-2 Filed 05/01/18 Page 22 of 31

No employer shall discharge an employee for the reason that a judgment creditor obtained a garnishment order against the employee. If an employer does discharge an employee, the employee may commence a civil action within ninety (90) days of the dismissal date to recover lost wages and to request reinstatement to the job fired from.

SECTION IV. Attachment Remedy.

    A. Procedure.

At the time of the issuance of a summons and complaint in a civil action, or at any time prior to final judgment, a creditor may file with the clerk of the tribal court a request for a pre-judgment Order of Attachment. All requests for pre-judgment:

Order of Attachment shall be accompanied by an affidavit of the creditor which shall contain the following facts:

    1. that a debt is owed to the creditor by a debtor and the nature 'and specific amount of the debt; and

    2. that the personal property being attached, which must be specifically identified as non-trust personal property belonging to the debtor; and

    3. that the creditor has reasonable cause to believe that the specific personal property sought to be attached may be lost, damaged, vandalized or removed off the reservation prior to payment of a final judgment and such loss, damage, vandalism or removal of the property would jeopardize the ability of the creditor to collect on the judgment that may later be obtained.

If the tribal judge is satisfied after reviewing the complaint and affidavit, the judge may issue an Order of Attachment of the designated personal property. The tribal police shall be given the Order of Attachment and the police shall seize any property identified by the order. Said property shall be kept in storage under the control of the tribal police or, in the event that a motor vehicle is seized, that vehicle shall be located in the parking lot of the tribal police. Said personal property shall be held by the police pending any further order of the tribal court. If a judgment creditor prevails on his complaint against the judgment debtor, the judgment creditor must follow Section V - Execution in regards to sale of seized property.

    B. Bond.

An Order of Attachment shall not be issued until the creditor has filed with the clerk a surety bond or cash bond in the sum of at least five hundred dollars ($500.00). Said bond shall be necessary in the event that

the order of attachment was wrongfully issued and the debtor was damaged, or in the event the debtor prevails when final judgment is rendered.

C. Service of Attachment Order.

The debtor shall be served with the Order of Attachment at the time the tribal police seize the personal property of the debtor. If the debtor is not available or present at the time the personal property is seized, said Order of Attachment shall be posted in a conspicuous place on the door of the debtor's house or mobile home, and a copy mailed to his last known address. The service shall be documented for court records.

D. Wrongful Attachment.

At any time following the issuance of an Order of Attachment, the debtor shall be entitled to challenge the validity of the issuance of that writ. The debtor may contest the Writ of Attachment by filing a Response to Writ of Attachment. At the time that the Response is filed with the clerk of the tribal court, the court shall note a hearing and notice of said hearing shall be served on the creditor at least five days before that hearing. At the hearing the debtor must establish by a preponderance of the evidence that, (1) the specific personal property sought to be attached would not be likely to be lost, damaged, vandalized or removed off the reservation prior to final judgment and that said loss, damage, vandalism or removal of property would not result in hindering the ability of the creditor to collect on a judgment if one should subsequently be obtained; or (2) that no debt is owed to the creditor; or (3) that the property sought to be attached is exempt under Section VII or is trust property. If the court determines that the pre-judgment writ of attachment was wrongfully issued, the court may impose a fine up to $500.00 and order payment of the other party's attorney fees and costs.

Section V. Execution Remedy.

A. Procedure.

1. Any judgment creditor who obtains an judgment may pursue a Writ of Execution in the Oglala Sioux Tribal Court within three (3) years of the entry of the Oglala Sioux Tribal Court judgment. A judgment creditor shall file a written complaint with the clerk of courts containing a concise statement of facts regarding the judgment obtained and the judgment creditor's interest in seizing and executing upon any non-exempt non-trust personal property to satisfy the judgment. The complaint shall be personally served on the judgment debtor. The tribal judge shall be personally served on the judgment debtor. The tribal judge shall hear the complaint for Writ of Execution after the clerk of courts notifies the creditor and debtor of the date,

time and place of the hearing. If the tribal judge is satisfied that the judgment creditor remains unsatisfied, and that there exists non-exempt nontrust personal property of the judgment debtor, the tribal judge shall issue an Order for Execution. Said Order shall specify the specific non-trust non-exempt personal property that may be seized by the tribal police. Said property that is seized by the tribal police shall be held in storage or in the case of a motor vehicle in the parking lot under the control and authority of the tribal police and shall not be removed pending further order of the tribal court. Any property so seized shall be itemized in a receipt by the tribal police and a copy of said receipt delivered to the tribal clerk of courts.

2. Upon the receipt of said personal property seized pursuant to an Order of Execution, the clerk of the tribal court shall require that the personal property seized be appraised by three designated persons who reside within the Pine Ridge Indian Reservation and who have no interest in the seized property nor have any relationship to the parties involved. Appraisers must be selected within thirty (30) days of the date the clerk receives the property. One appraiser shall be selected by the judgment creditor, one appraiser shall be selected by the judgment debtor, and one appraiser shall be selected by the clerk. All three appraisers are required to provide an impartial appraisal in writing as to the value of each item. The three appraisals shall be added together, divided by three and the average shall be the appraisal value used. If, however, only one appraiser was selected, and agreed upon by creditor, debtor and clerk then his appraisal shall be the appraisal value.

3. Within thirty (30) days after the appraisal of the property, the clerk of the court shall post in three public places on the reservation a Notice of Sale containing a full description of the property to be sold together with the appraised market value of each item. Additionally, the clerk shall publish said notices in a local newspaper for three weeks prior to the sale.

4. The clerk shall personally, or through an agent, sell the property publicly to the highest bidder for cash but not for less then the appraised value. Out of the proceeds, the clerk shall be authorized to pay to the tribal court and police all expenses incurred in the appraisal, sale, storage, and unpaid court costs still owing by either party. The balance of the proceeds up to the full amount of the judgment shall be paid by the clerk to the judgment creditor. Any excess proceeds remaining shall then be paid to the judgment debtor. If the clerk is unable to sell the property for its appraised value, the clerk may hold the property for fourteen (14 ) additional days after the scheduled

Case 8:17-cv-01807-TDC   Document 31-2   Filed 05/01/18   Page 26 of 31

sale, during which time the clerk may sell the itemized property to the first person offering the appraised value in cash. After that fourteen day period has passed, then upon request of the creditor and payment of all costs, said personal property may be delivered to the creditor and it shall be credited against the amount owing on the judgment. If the appraised value is greater then the judgment amount, the creditor must first pay the excess value to the clerk. If the property remains unsold and unclaimed by the creditor, the clerk shall declare the property back to the debtor by written notice. If said property is not assumed by the debtor within 30 days, the property may be deemed abandoned and either destroyed by the clerk or later sold at less than appraised value after notice to creditor and debtor and all proceeds retained by the Oglala Sioux Tribe and deposited in the General Fund.

SECTION VI. Repossession Remedy.

     A. Procedure:

A creditor shall repossess personal property when the debtor is in default on the outstanding balance due on an installment contract only by initiating legal proceedings through the tribal court which lead to a court order authorizing repossession. The creditor must file a complaint for repossession and in said complaint, the creditor should contain a concise statement of the creditor's claim against the debtor. The debtor may file an Answer to the creditor's complaint at any time prior to the hearing. At the hearing both creditor and debtor may present documentary evidence and witnesses to support their positions in the debt dispute. At the hearing, if the judge determines that repossession is in fact justified, the tribal judge shall issue an order authorizing the creditor to repossess the personal property involved. Any such order shall direct that a creditor may repossess the property only when accompanied by a tribal police officer.

     B. Sanctions.

If a creditor fails to abide strictly by these rules for repossession and any other resolutions or ordinances of the Oglala Sioux Tribe and seeks to seize the personal property of a debtor without a written Order of Repossession and without the consent of the creditor may be subject to one or more of the following sanctions:

     1. his business license or permit to transact business on the reservation shall be suspended for a period of thirty (30) days; or

     2. a fine shall be imposed in the amount of $300.00; or

Case 8:17-cv-01807-TDC Document 81-3 Filed 05/01/18 Page 27 of 31

      3. the personal property unlawfully seized, if still located on the reservation, shall be returned to the debtor pending a hearing on repossession; or

      4. if applicable, the Remedies set forth in Article 9 of the Oglala Lakota Code specifically 9-507.

SECTION VII. Homestead and Certain Personal Property Exemptions.

    A. Homestead.

The homestead of every family including a mobile home, designated as the place of residence by that family is entitled to a full and absolute exemption from all collection process as set forth herein. However, the mobile home is subject to legal process of repossession, if the debtor defaults on payments to the creditor dealer or his assignee who sold the mobile home. The homestead is automatic and no filing of any documents shall be necessary to preserve it. All other real property that the debtor owns a possessory interest in is also entitled to a full exemption from any collection process.

    B. Personal Property Exemption.

The following personal property is absolutely exempt from all collection process:

      1. all wearing apparel and clothing of the debtor and his family and/ or dependents residing under his household;

      2. the provisions for the debtor and his family and/or dependents necessary for one year supply and fuel necessary for one yea;

      3. all items pertaining to religious and cultural significance to the debtor; and

      4. all family pictures.

The following personal property shall be exempt "from all collection process, except repossession", up to the full amounts listed:

      1. motor vehicle not to exceed $1000.00 in market value;

      2. tools of the trade not exceeding $1500.00 in value;

      3. all household and/or kitchen furniture and appliances up to a value of $1500.00 in value; in the case that the debtor owns more than $1500.00 in value for all household, kitchen and appliances, the debtor must select those items he desires to

Case 8:17-cv-01807-TDC   Document 31-2   Filed 05/01/18   Page 28 of 31

retain up to a value of $1500.00 and all other items then shall
be abandoned for legal process;

    4. all miscellaneous books and musical instruments for the use
of the family that do not exceed a total of $500.00 in value;

    5. two cows, five horses and all poultry that the debtor may
select not to exceed $1500.00 in value;

    6. all items of farm equipment, farm machinery not exceeding
$2000.00 per item in value.

SECTION VIII. Standard of Review.

The Oglala Sioux Tribe Appellate Court shall not review the decisions of the Oglala
Sioux Tribal Court except in the following instances:

    1. irregularity in the judicial procedure employed;

    2. failure to provide adequate due process to all interested parties; or

    3. newly discovered evidence that appears reasonably likely to alter the
decision previously rendered.

HISTORY: Ordinance 87-02.

SECTION 24.4 - DOCTRINE OF COMITY.

    SECTION 1. Comity.

The Oglala Sioux Tribal Courts shall apply the doctrine of comity to the judicial
proceedings of all foreign courts in which a final judgment has been issued.

    SECTION 2 . Definitions.

Unless the context clearly indicated otherwise the following words and phrases shall
mean:

    a. Comity - the recognition and enforcement by the Oglala Sioux Tribal
Courts, under the review criteria as set forth in Section 5 herein, of final
judgments of all foreign courts.

    b. Foreign Courts - refers to all federal, state and federally recognized
Indian Tribes' Courts in the United States.

    c. Foreign Court Judgments - refers to the judgments issued by the
Courts of the various federal, state and federally recognized Indian Tribes
of the United States.

Case 8:17-cv-01807-TDC Document 31-2 Filed 05/01/18 Page 29 of 31

d. Petitioner - refers to the person who files a petition in the Oglala Sioux Tribal Courts requesting that a foreign court's judgment be recognized by the Oglala Sioux Tribal Courts based upon comity.

e. Respondent - refers to the person or persons against whom a petition has been filed in Oglala Sioux Tribal Courts seeking enforcement of foreign court judgment.

f. Verified Copy of Foreign Court Judgment - refers to the requirement, that all copies of foreign court judgments shall be authenticated and certified, by the clerk of the issuing court, who shall attest to the fact that the verified copy is an accurate copy of the original judgment on file with the issuing court.

SECTION 3. Jurisdiction.

Any person who has obtained a final foreign court judgment shall be entitled to seek enforcement of a foreign court judgment based upon comity through the Oglala Sioux Tribal Court.

SECTION 4. Procedure for Requesting Comity of Foreign Court Judgments.

A. The Petitioner shall file a written petition with the Clerk of the Oglala Sioux Tribal Court, which shall be accompanied by a verified copy of the foreign court's judgment sought to be enforced. The petition shall set forth the following:

(1) the names of all parties to the foreign court judgment sought to be recognized and their respective addresses;

(2) the type of relief granted in the foreign court's judgment;

(3) if money was awarded in the foreign court's judgments, then the full judgment amount plus court costs and attorney's fees;

(4) the date the foreign court's judgment was entered;

(5) the record of any subsequent entries or court actions affecting the foreign court's judgment, such as levies or execution or garnishment, payments in partial satisfaction, etc. ; and

(6) any additional information the petitioner believes is relevant.

The petition shall be served upon the Respondent in the same manner as authorized by the Code of the Oglala Sioux Tribe.

Case 8:17-cv-01807-TDC Document 31-2 Filed 05/01/18 Page 30 of 31

B. The Respondent may file with the clerk of the Oglala Sioux Tribal Court a written answer to the petition at any time prior to the hearing on the petition.

C. After at least five (5) days notice to the Respondent a hearing shall be held on the petition seeking comity of the foreign court judgment. The petitioner shall have the burden of proof in the hearing on the petition seeking comity. However, in accordance with the provisions of Section 5 of this Ordinance, the Oglala Sioux Tribal Court shall inquire into the underlying facts of the foreign court's judicial proceedings as well as the underlying facts and circumstances of the incident which formed the basis for such proceedings .

SECTION 5. Review.

At the hearing upon the petition, the Oglala Sioux Tribal Court shall examine the underlying facts of the foreign court's judicial proceedings that are the subject of the petition in order to determine.

(1) that the foreign court actually had jurisdiction over both the parties and the subject matter;

(2) that the foreign court judgment was not obtained fraudulently;

(3) that the foreign court judgment was rendered by a system of law reasonably assuring the requisites of an impartial administration of justice due to notice and hearing were afforded; and

(4) the foreign court judgment did not contravene the public policy of the jurisdiction in which it is relied upon.

Comity shall be given to a foreign court judgment only if the Oglala Sioux Tribal Court determines that all the requirements listed herein were met.

SECTION 6. Entry of Judgment.

If the Oglala Sioux Tribal Court is satisfied that the four (4) elements listed in Section 5 of this Ordinance have been met, then and only then shall the foreign court judgment be entitled to be recognized under the doctrine of comity by the Oglala Sioux Tribal Court. The Oglala Sioux Tribal Court shall then enter a judgment in favor of the petitioner, which tribal judgment shall entitle the petitioner to enforce his ,judgment against the respondent in the Oglala Sioux Tribal Court.

HISTORY: Ordinance No. 87.

Back to Top

Hours & Location     Contact Us

DISCLAIMER     PRIVACY STATEMENT     NARF