IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JACINTA ELDER, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY BLAKE COLLINS, <br> RAYCEN RAINES, GENEVA LONE HILL, and <br> WAKPAMNI LAKE COMMUNITY <br> CORPORATION, <br><br> Defendants. | Civil Action No. 8:17-cv-01807-TDC |

## Motion for Default Judgment

Plaintiff Jacinta Elder hereby moves that the "Answer" of Defendant Ashley Blake Collins ("Defendant") be struck and that a default judgment be entered in Elder's favor on all its causes of action against Defendant Collins. Collins has utterly failed to litigate this matter and his Answer and purported retention of counsel were stalling tactics not made in good faith. As such, Plaintiff Elder respectfully requests that the court strike Defendant's Answer and enter default judgment.

### Background:

On June 30, 2017, Plaintiff commenced this action against defendants Collins, Ryan Sullivan, Ashley Raycen Raines, Geneva Lone Hill, and Wakpamni Lake Community Corporation. (Dkt. No.1.) Plaintiff served Collins on September 29, 2017. (Dkt. No. 3.) However, Collins failed to file any responsive pleading within 21 days of service. (Dkt. No. 36.) On November 9, 2017, nearly a month after his responsive pleading deadline had passed, Defendant emailed a document to Plaintiff's counsel purporting to be an answer to the complaint. (*See* Dkt. 37 at ¶ 3, Ex. A.)

On December 3, 2018, the Court issued an Order directing Plaintiff to file and serve on Collins, and other defendants, a Motion for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a), or, alternatively, to show cause as to why such motion would be inappropriate. (Dkt. No. 36.) As Collins had not filed his answer with the Court, Plaintiff's counsel

emailed Defendant advising that, rather than move for default, Plaintiff would respond to the Court's order informing it that Defendant had submitted what purported to be an answer, and provide a copy to the Court. Collins responded that he could put Plaintiff's counsel in contact with his "legal firm." Thereafter, Plaintiff's counsel repeatedly asked Collins via email whether he had retained counsel and, if so, to provide contact information.

Because Collins did not respond to these requests, Plaintiff filed a response to the Court's December 3, 2018 Order, declining to move for entry of default with respect to Collins and submitting his purported Answer. (Dkt. 37.) Plaintiff's counsel also mailed a copy of Plaintiff's response to the Court's Order to Defendant Collins at his last known address, which was returned to sender on or around January 15, 2019. Thereafter, Plaintiff's counsel emailed Defendant, advising him that he had a duty under Local Rule 102 to update his address with the Court and requested that he advise Plaintiff of his current address. To date, Collins has yet to update his address with the Court or Plaintiff. Indeed, on March 11, 2019, the clerk noted that the Court's Order to Show Cause, issued on February 5, 2019, was returned as undeliverable. (Dkt. No. 44.) And just today, the clerk noted that the Court's Order to Show Cause, issued on April 23, 2019, was returned as undeliverable to Defendant. (Dkt. No. 46.)

However, on January 15, 2019, Plaintiff's counsel did receive an email from Richard J. Zack of Pepper Hamilton LLP, advising that he represented Defendant Collins. In a later telephone call, Mr. Zach represented that he was reviewing documents provided to him from Mr. Collins and would get back to Plaintiff regarding the possibility of early resolution. On February 4, 2019, Plaintiff's counsel asked Mr. Zack if he intended to enter an appearance in the matter, but Mr. Zack did not respond to this question and instead asked to set up another call. On February 5, 2019, the Court directed Plaintiff and Defendant to file a joint status report within 14 days as to whether the matter should remain stayed or whether discovery should commence. (Dkt. No. 39.) Plaintiff's counsel and Mr. Zack thereafter discussed the matter on February 18, 2019, during which Mr. Zack represented that he would provide Plaintiff's counsel with documents from Defendant Collins by February 25, 2019 and that an additional 30-day discovery period would enable the parties to discuss

settlement. Mr. Zack further represented that he would be entering an appearance on behalf of Defendant.

Given those representations, Plaintiff's counsel agreed to a 30-day extension of the stay and prepared a joint status report for Mr. Zack's review. Although the parties ultimately agreed on language for the joint status report, Mr. Zack's associate, Brian M. Nichilo, advised Plaintiff that, although they were "certainly willing to enter an appearance," they were not able to do so prior to filing and asked Plaintiff's counsel to remove defense counsel's signature block from the report. Plaintiff thus filed a status report with the Parties' respective positions and sought a 30-day stay.

However, Mr. Zack did not provide documents from Mr. Collins by February 25, 2019 as he represented he would do. When Plaintiff's counsel asked for an update on March 1, 2019, Mr. Zack advised that he was "working on reviewing the documents" and would have an update the week after, but to date, Plaintiff's counsel has not received any documents from Mr. Zack. Further, neither Mr. Zach nor anyone from his firm has yet to enter an appearance. And when Plaintiffs' counsel followed up with Mr. Zach on the Court's Order to Show Cause (Dkt. 45), advising of Plaintiff's intention of filing a motion for entry of default judgment, Mr. Zack's associate, Brian M. Nichilo, asked for a call, but did not reply to Plaintiff's response with a proposed time.

**Argument:**

Defendant's complete failure to defend this matter, and his efforts to stall any resolution, warrant the striking of his Answer and entry of default judgment. First, the Court may enter default judgment on the sole basis that Collins has failed to meet his obligation to keep the clerk informed of an address "where notices can be served." Local Rule 102(b)(iii); *see also CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 502 (D. Md. 2010) (ordering entry of default judgment in part because defendant failed to update his address with the clerk). Second, neither Defendant Collins nor his purported counsel have cooperated with Plaintiff in moving this case forward. As demonstrated above, Defendant Collins failed to file a joint status report with Plaintiff, as ordered by the Court. And, importantly, Collins, through his purported counsel, has utterly failed to provide any documents, as promised, or to engage in any discussions, that would facilitate any resolution of this

matter during the 30-day stay. Nor have they responded to Plaintiff's counsel's straightforward request to schedule the call at a specific time today.

Indeed, Defendant's counsel's representation that he would enter an appearance and that a 30-day stay would enable the parties to discuss settlement appear to have been simple stalling tactics. The Court should not permit such gamesmanship and bad faith. *See id* at 502 (defendant's "utter failure to defend this matter or to otherwise cooperate with Plaintiffs and this Court warrants the striking of [defendant's] answer and the entry of default judgment and finds that a less drastic sanction will be ineffective."). Further, Defendant's bad faith actions have prejudiced Plaintiff Elder because she is unable to move for default judgment against the defaulted defendants because the action remains pending against Collins, despite his noncompliance with local rules and his failure to cooperate with Plaintiff. *See Flores v. Envtl. Tr. Sols., Inc.*, No. PWG-15-3063, 2018 WL 2237127, at *4 (D. Md. May 16, 2018) ("[D]efault judgment cannot be entered against a subset of defendants charged with joint and/or several liability when claims remain pending against one or more defendants.").

Given Defendant Collins' noncompliance with Local Rule 102(b)(iii) and his failure to defend this matter, Plaintiff Elder respectfully requests that Defendant's Answer be struck and a default judgment be entered against him.

Dated: May 6, 2019                                          Respectfully submitted,

**JACINTA ELDER**

By: /s/ Anna C. Haac
Anna C. Haac (No. 28383)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
P: (202) 973-0900
F: (202) 973-0950
ahaac@tzlegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 102.1.C, I hereby certify that on this date counsel for Plaintiff will serve a copy of the foregoing Motion and this Certificate of Service on Defendants as required by Fed. R. Civ. P. 5(a) by placing copies in a sealed envelope with fully pre-paid postage, return receipt requested, in the United States Mail addressed as set forth below:

Raycen Raines
One Wakpamni Lake Housing
Batesland, SD 57716

Geneva Lone Hill
One Wakpamni Lake Housing
Batesland, SD 57716

Wakpamni Lake Community Corporation
One Wakpamni Lake Housing
Batesland, SD 57716

Richard J. Zack
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799
*Counsel for Defendant Collins*

By: */s/ Anna C. Haac*
    Anna C. Haac