IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JACINTA ELDER,<br><br>         Plaintiff,<br><br>  v.<br><br>RAYCEN RAINES, GENEVA LONE HILL, and WAKPAMNI LAKE COMMUNITY CORPORATION,<br><br>         Defendants. | Civil Action No. 8:17-cv-01807-TDC<br><br>Hon. Theodore D. Chuang |

**Plaintiff's Motion and Memorandum of Law for Default Judgment**

Plaintiff Jacinta Elder hereby moves for default judgment to be entered in her favor on all causes of action against Defendants Raycen Raines ("Raines"), Geneva Lone Hill ("Hill"), and Wakpamni Lake Community Corporation ("WLCC") (collectively referred to herein as "Defendants" or the "Defaulted Defendants").

I.  **Background**

  a.  **Procedural History**

On June 30, 2017, Plaintiff commenced this action against Ashley Blake Collins,[1] Ryan Sullivan,[2] Raycen Raines, Geneva Lone Hill, and WLCC. (Dkt. No. 1, Complaint ("Compl.").) Plaintiffs properly served Hill, Raines, and WLCC on October 2, 2017, but they failed to appear, plead, or otherwise defend in this matter, which prevents the case from moving forward. (Dkt. No. 38.) Accordingly, on December 3, 2018, this Court issued an order directing Plaintiff to file and serve on Raines, Hill, WLCC, and Collins a Motion for Clerk's Entry of Default pursuant to Federal Rule of

---

[1] Collins has been dismissed without prejudice from this Action. (Dkt. No. 60.)
[2] Following settlement, Sullivan was dismissed with prejudice from this Action. (Dkt. No. 35.)

Civil Procedure 55(a), or, alternatively, to show cause as to why such motion would be inappropriate. (Dkt. No. 36.) Plaintiff subsequently moved for an entry of Default against Defendants on December 17, 2018, which was entered the next day. (Dkt. Nos. 37-38.)

Now that the only defendants remaining in this action are the Defaulted Defendants, Plaintiff moves for default judgment against them.

### b. Factual and Legal Background

For purposes of this motion, Plaintiff's well-pleaded factual allegations in the Complaint are accepted as true as they pertain to liability. *See* Section II. As Plaintiff's Complaint outlines, the Defaulted Defendants created and operated an illegal "rent-a-tribe" payday lending scheme, whereby loans were made to consumers like Plaintiff under the auspices of WLCC at interest rates far in excess of those permitted by state and federal law. (Compl. at ¶¶ 44-48.) For example, Ms. Elder's loan carried an annual percentage rate ("APR") of 735.0728% (*Id.* at ¶ 46 ) (citing July 1, 2013 Loan Agreement, attached as Exhibit 1.)

Under Maryland's interest and usury law, companies are prohibited from making loans to Maryland residents at annual percentage rates over 24% unless certain exceptions, inapplicable in this matter, apply. *See* Md. Code, Com. Law S 12-103(c)(1)-(2). Additionally, individuals are prohibited from making loans under the Maryland Consumer Loan Law without a license from the Maryland Commissioner of Financial Regulation. Md. Code. Com. Law. § 12-302; Md. Code, Fin. Inst. § 11-204. Yet Defendants failed to acquire such a license. (Compl. at ¶ 51.) Accordingly, Ms. Elder's loan is void and unenforceable, and Defendants were prohibited from "receiv[ing] or retain[ing] any principal, interest, or other compensation with respect to [her loan]." Md. Code, Com. Law § 12-314. Yet, Ms. Elder paid no less than $450 to Defendants. (Compl. at ¶ 54.)

Defendants' actions also violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which prohibits anyone employed by or associated with an enterprise from collecting

"unlawful debt," defined as debt incurred in "the business of lending money or a thing of value at a rate usurious under State or Federal law where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6). Because Defendants charged Plaintiff an interest rate in excess of 30 times Maryland's enforceable annual interest rate, they are jointly and severally liable to plaintiff for actual damages, treble damages, costs, and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

Defendants sought to evade liability for their plain violations of the above state and federal laws by forming WLCC under the guise of sovereign immunity and including invalid and unenforceable choice of law provisions in their loan agreements. (Compl. at ¶¶ 1, 27-28, 50, 62.) Specifically, Defendants' form loan agreements indicate that they are to be governed by the "laws of the Tribe." (Compl. at ¶ 62.) But the WLCC is not a tribe itself; nor is it a duly authorized entity of the Oglala Sioux Tribe. (Compl. at ¶¶ 24, 27, 64-66.) Indeed, the Oglala Sioux Tribe rejected Defendants' pitch to enter the predatory lending space. (*Id.* at ¶¶ 2, 20-24.) Yet, Defendants nevertheless proceeded to start various internet payday lending companies without the tribe's approval or involvement. (*Id.* at ¶¶ 2, 24.) WLCC is thus not entitled to sovereign immunity, and Defendants' choice of law provisions in their loan agreements, including Plaintiff's loan agreement, are illusory as there are no applicable tribal laws.

Moreover, even if the WLCC were actually legally associated with a tribe, the choice of law provision constitutes a prospective waiver of federal law that courts around the country have consistently found unenforceable. *See, e.g., Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 674, 676 (4th Cir. 2016); *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330 (4th Cir. 2017); *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 127 (2d Cir. 2019).

**II.     Default judgment is appropriate here where Defendants' wantonly disregarded the action proceeding against them, thereby delaying Plaintiff's pursuit of justice on behalf of herself and putative class members.**

Defendants' absolute failure to defend this matter warrants an entry of default judgment. *See Monge v. Portofino Ristorante,* 751 F. Supp. 2d 789, 794 (D. Md. 2010) ("It is within the court's discretion to grant default judgment when a defendant does not respond or defend its case."). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F. Supp.2d 418, 421 (D. Md. 2005). When considering a motion for default judgment, "this Court accepts as true the well-pleaded factual allegations in the complaint as to liability." *Entrepreneur Media,* 958 F. Supp. 2d at 594. Damages in a default judgment may not "differ in kind from, or exceed in amount" of what is demanded in the pleadings. *Intl Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.,* 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quotations omitted). If the complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Id.* (quotations omitted). The court need not hold an evidentiary hearing to do so and may rely on "affidavits or documentary evidence in the record to determine the appropriate sum." *Id.*

Here, Defendant's unwavering indifference to this court's proceedings warrants an entry of default judgment. The court may enter a default judgment where "the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d at 421. Defendants were properly served the summons and complaint. (Dkt. 38.) None of the Defendants have responded to any of the allegations of the complaint. (*Id.*) And Defendants have not entered an appearance in this matter. (*Id.*) Defendant's failure to respond has halted Plaintiff's ability to seek recourse on behalf of herself and the putative class. Moreover, Defendants' failure to respond prevents the conclusion of this case. Given Defendants' indifference towards these proceedings and their obligations to this court, default judgment should be granted.

Defendants are liable to Plaintiff for the allegations against them. When considering default, the Court "accepts as true the well-pleaded factual allegations in the complaint." *Int'l Painters*, 919 F. Supp. 2d at 684. Although liability is not established simply because of default, here, Defendant's failure to respond is an admission of liability. *See Monge v. Portofino Ristorante,* 751 F. Supp. 2d 789, 794 (D. Md. 2010) (holding that all of plaintiff's allegations, except damages "deemed admitted" due to defendant's failure to respond to the complaint.). Taken together, Plaintiff's well-pleaded complaint and Defendants' admissions demonstrate that the Defaulted Defendants are liable in this matter.

Defendants' admissions of liability entitle Plaintiff to be granted the individual relief requested in her complaint. As such, plaintiff should be granted damages, declaratory relief, permanent injunctive relief, and attorneys' fees and costs.

### III.     Conclusion

WHEREFORE, and for all the foregoing reasons, Plaintiff respectfully requests the Court find Defendants liable for actions alleged in the complaint, enter default judgment against Defendants, and:

1. Declare Defendants' loans to Maryland consumers with interest rates in excess of Maryland's usury rate, including the loan to Plaintiff at Exhibit 1 to the Complaint, null and void;

2. Declare that the choice of law and arbitration provisions in Plaintiff's loan contract at Exhibit 1 to the Complaint are void and unenforceable;

3. Enjoin Defendants from (a) seeking to collect on, enforce, sell, or otherwise receive any principal, interest, charges, or other benefits from any consumer loan issued to a Maryland resident with an interest rate in excess of Maryland's usury rate, including the loan to Plaintiff at Exhibit 1 to the Complaint and (b) investing in or providing support, whether monetary or otherwise, to any person or entity offering, issuing, processing, collecting, or servicing loans to Maryland consumers with interest rates in excess of Maryland's usury rate or that otherwise

violates Maryland law or regulation, including the loan to Plaintiff at Exhibit 1 to the Complaint;

4. Refund Plaintiff $450.

5. Award Plaintiff attorney's fees and costs.

Dated: March 4, 2020                              Respectfully submitted,

**JACINTA ELDER**

By: /s/ *Anna C. Haac*
Anna C. Haac (No. 28383)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
P: (202) 973-0900
F: (202) 973-0950
ahaac@tzlegal.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 102.1.C, I hereby certify that on this date counsel for Plaintiff will serve a copy of the foregoing Motion and this Certificate of Service on Defendants as required by Fed. R. Civ. P. 5(a) by placing copies in a sealed envelope with fully pre-paid postage, return receipt requested, in the United States Mail addressed as set forth below:

Raycen Raines
One Wakpamni Lake Housing
Batesland, SD 57716

Geneva Lone Hill
One Wakpamni Lake Housing
Batesland, SD 57716

Wakpamni Lake Community Corporation
One Wakpamni Lake Housing
Batesland, SD 57716

Dated: March 4, 2020

By: /s/ *Anna C. Haac*
Anna C. Haac (No. 28383)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
P: (202) 973-0900
F: (202) 973-0950
ahaac@tzlegal.com

*Counsel for Plaintiff*