**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| JACINTA ELDER,<br><br>                              Plaintiff,<br><br>v.<br><br>RAYCEN RAINES, GENEVA LONE HILL,<br>and WAKPAMNI LAKE COMMUNITY<br>CORPORATION,<br><br>                              Defendants. | Civil Action No. 8:17-cv-01807-TDC<br><br>Magistrate Judge Timothy Sullivan |

<u>**PLAINTIFF'S REQUEST FOR MODIFICATION OF REPORT AND**
**RECOMMENDATION**</u>

On August 24, 2020, Magistrate Judge Timothy Sullivan issued a Report and Recommendation in the above-captioned case recommending that Plaintiff's Motion for Default (Dkt. No. 65) be granted. Plaintiff Jacinta Elder does not object to the Report and Recommendation, but respectfully requests that any Order by this Court adopting the same and entering Judgment against Defendants also include a declaration that Defendant Wakpamni Lake Community Corporation ("WLCC"), Defendant Genova Lone Hill ("Hill"), and Defendant Raycen Raines ("Raines") (collectively, "Defendants") are not entitled to sovereign immunity, which is consistent with Magistrate Judge Sullivan's findings of fact as to Defendants' liability.

As Plaintiffs' alleged, and Defendants have not contested by virtue of their default, WLCC is not a Native American Tribe and does not act with the authorization or authority of the Oglala Sioux Tribe, or any other Native American tribe, and as such, is not entitled to sovereign immunity. This is supported by Magistrate Judge Sullivan's factual findings in his Report and Recommendation. As to liability, Magistrate Judge Sullivan found in relevant part that:

> The WLCC acts as a holding company that Defendants falsely claimed was "'owned' by the 'Sioux Indians, South Dakota,' *i.e.* a tribe that does not exist." (*Id.* ¶ 2.) It is a privately held corporation that "provides no benefit to the Oglala Sioux Tribe or any other tribe" and "allows internet payday lending websites to use its name and falsely claim that they are 'wholly-owned' and 'controlled by' the WLCC." (*Id.* ¶ 14.) The WLCC does not participate in the daily operations of the payday lending websites, and it does not perform any work in originating, underwriting, financing, servicing, or collecting the loans. (*Id.*)

Dkt. No. 68 at 4 (Citing Dkt. No. 1). Magistrate Judge Sullivan also found that Hill is a "rogue

member[] of the Oglala Sioux who helped form the WLCC." *Id.* Additionally, Magistrate Judge

Sullivan found that:

> Raines is an 'enrolled member of the Oglala Sioux Tribe, but 'he is not a triable official and does not represent or act on behalf of the Oglala Sioux Tribe or any other tribe.' At all relevant times, the WLCC has operated 'without approval from and without participation from the Oglala Sioux Tribe.' 'The WLCC provides no benefit to the Oglala Sioux Tribe or any other tribe.'

*Id.* at n.3 (citations omitted).

With regards to Defendants' rent-a-tribe predatory lending scheme, Magistrate Judge Sullivan

found:

> In exchange for a small fee for each loan, the WLCC "has allowed its name to be used by no less than 16 internet payday lending companies" in Defendants' scheme. (*Id.* ¶¶ 28, 34.) In addition to allowing its name to be used, the WLCC "entered into a partnership agreement with each of Defendants' Payday Lending Companies." (*Id.* ¶ 29.) Sullivan, Collins, Raines, and Hill each executed at least one of the partnership agreements with the WLCC. (*Id.*) "Defendants' business relationship was nothing more than an attempt to mislead consumers and regulators by an illusion that Defendants were protected by tribal immunity." (*Id.* ¶ 43.)"

Dkt. No. 68 at 5. (Citing Dkt. No. 1).

Magistrate Judge Sullivan's findings of fact as to liability thus make clear that Defendants here

are not entitled to sovereign immunity by virtue of their sham and unauthorized affiliation with the

Oglala Sioux Tribe. To ensure Plaintiff is able to enforce her anticipated judgment against Defendants

that Magistrate Judge Sullivan recommended, both with respect to the recommended individual relief,

as well as the recommended award of attorney's fees and costs, for which undersigned counsel will

file a motion forthwith pursuant to Local Rule 109 upon judgment being entered, Plaintiff respectfully requests, that in addition to the relief recommended by Magistrate Judge Sullivan, the Court also declare that Defendants are not entitled to sovereign immunity.

A revised Proposed Order incorporating Magistrate Judge Sullivan's recommendations, as well as Plaintiff's requested additional declaration that Defendants' are not able to avoid the judgment or enforcement of the same based on any claim of sovereign immunity, is included herewith for the Court's convenience.

Dated:  September 8, 2020                                Respectfully submitted,

                                                        **JACINTA ELDER**

                                                        By: /s/ *Anna C. Haac*
                                                        Anna C. Haac (No. 28383)
                                                        TYCKO & ZAVAREEI LLP
                                                        1828 L Street, N.W., Suite 1000
                                                        Washington, D.C. 20036
                                                        P: (202) 973-0900
                                                        F: (202) 973-0950
                                                        ahaac@tzlegal.com

                                                        *Counsel for Plaintiff*